UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Earl Wattleton, | File No. 25-cv-1145 (ECT/SGE) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| Unknown Probation Officer; Unknown Social Worker, *Federal Bureau of Prisons*; Jordan Gayser, *U.S. Probation Officer, Tucson, Arizona*; and G. Koss, *BOP Social Worker, Federal Medical Center, Rochester, Minnesota*, | |
| Respondents. | |

---

David Earl Wattleton, Rochester, MN, Pro Se.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Unknown Probation Officer, Unknown Social Worker, Jordan Gayser, and G. Koss.

---

This case is before the Court on a Report and Recommendation issued by Magistrate Judge Shannon G. Elkins. ECF No. 32. Judge Elkins recommends granting Respondents' motion to dismiss, dismissing Mr. Wattleton's complaint, and denying as moot Mr. Wattleton's application for a writ of mandamus. *Id.* at 9. Because Mr. Wattleton objected, the Report and Recommendation has been reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). This Order presumes familiarity with the Report and Recommendation.

Mr. Wattleton makes three objections, and none gives any reason to reject Judge Elkins's conclusion that he failed to show he has no adequate alternative remedy, as required for a court to grant a writ of mandamus. ECF No. 32 at 5–8; *see Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006). His first two objections are related. He argues that Judge Elkins "erred by converting [his] pleadings to a civil action" rather than treating his filing as a habeas petition, and that she did so "without his consent." ECF No. 33 at 1–2. This is incorrect. Judge Elkins did not "convert" his pleadings to a civil action—he filed an application for a writ of mandamus in the United States District Court for the Northern District of Georgia. ECF No. 1. That initiated a new civil action. *See Rindahl v. U.S. Att'ys Off.*, No. 18-cv-3237 (JRT/ECW), 2019 WL 1993827, at *2 (D. Minn. May 6, 2019) (collecting cases concluding a petition for a writ of mandamus is a civil action). Judge Elkins also considered Mr. Wattleton's arguments for habeas relief and correctly rejected them because he failed to properly raise a habeas request, failed to show absence of an alternative remedy, and did not challenge the legality of his custody. ECF No. 32 at 8–9 & n.6; *see Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004); 28 U.S.C. § 2241(c). His third objection is that the Report and Recommendation failed to address his claim that this Court could order habeas relief under *Seelig v. United States*, 310 F.2d 243 (8th Cir. 1962) (per curiam). *Seelig* does not address or undermine the reasons Mr. Wattleton's ostensible habeas claim fails, so it is not grounds to reject the Report and Recommendation or to grant habeas relief. *See id.* at 243–44.

## ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Petitioner David Earl Wattleton's Objections [ECF No. 33] to Magistrate Judge Elkins's November 14, 2025 Report and Recommendation [ECF No. 32] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 32] is **ACCEPTED**.

3. Respondents' Motion to Dismiss [ECF No. 19] is **GRANTED**.

4. Petitioner's Complaint [ECF No. 1] is **DISMISSED**.

5. Petitioner's Application for Writ of Mandamus [ECF No. 11] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 9, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court